```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

NANCY NEWMAN,

                              Plaintiff,
                                                    07-CV-6299
     v.
                                                    DECISION
LEROY CENTRAL SCHOOL DISTRICT,                      and ORDER

                              Defendant.
_____
```

## INTRODUCTION

Plaintiff, Nancy Newman ("plaintiff"), in her complaint against defendant Leroy Central School District ("defendant" and/or the "District") alleges three causes of action. The first cause of action alleges age discrimination in violation of the Age Discrimination in Employment Act, 29 U.S.C. §621 *et seq.* ("ADEA"), the second cause of action alleges age discrimination in violation of the New York State Human Rights Law, Executive Law §290 *et seq.* ("NYSHRL") and the third cause of action alleges marital status discrimination in violation of NYSHRL. Defendant moves to dismiss plaintiff's second and third causes of action alleging age and marital status discrimination in violation of NYSHRL pursuant to Federal Rules of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction or in the alternative, pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted. Specifically, defendant claims that plaintiff's second and third causes of action warrant dismissal because plaintiff allegedly failed to comply with the notice of claim requirements of New York Education Law § 3813. In addition, defendant

asserts that plaintiff's third cause of action should be dismissed due to plaintiff's alleged failure to procedurally exhaust her claims for marital status discrimination.

For the reasons which follow, defendant's motion to dismiss plaintiff's second and third causes of action alleging violations of NYSHRL is granted. This Court finds that plaintiff's Equal Employment Opportunity Commission ("EEOC") filing dated July 24, 2006 was not in compliance with the notice of claim requirements under Education Law § 3813.

## BACKGROUND

Effective for the 2003-2004 school year, plaintiff was appointed to a three year probationary position as a physical education teacher. At the time of her appointment, plaintiff was forty-seven years old. On or about March 5, 2006, plaintiff was advised that she would be denied tenure as a physical education teacher. Plaintiff submitted a signed letter to the Administrators of the District on March 21, 2006, which stated in its entirety, "[t]his is to inform you of my resignation from the LeRoy Central School District effective June 30, 2006." See Neth Aff. at ¶ 2.[1] Plaintiff alleges that she was told by defendant that if, and only if, she resigned from her position, would she be given a "good reference" by the District enabling her to locate prospective employment. Acting

---

[1] Though a copy of the March 21, 2006 letter was not attached to (or incorporated by reference in) the Complaint, the Court is permitted to consider matters outside of the pleadings when evaluating a motion under Rule 12(b)(1). See Zappia Middle East Constr. Co. v. Emirate of Abu-Dhabi, 215 F.3d 247, 253 (2d Cir.2000). To determine whether it lacks the statutory or constitutional power to adjudicate a matter under Rule 12(b)(1), the Court may consider evidence outside of the pleadings such as affidavits. See Zappia, 215 F.3d at 253.

pursuant to that letter, the District's Board of Education voted to accept plaintiff's resignation on March 28, 2006. <u>See</u> <u>id.</u> at ¶ 3. When the Board of Education voted to accept plaintiff's resignation, she was aware that she would not be working the following year. Plaintiff was eventually replaced by a 36 year old female, who is married and has children. Currently, plaintiff is 50 years old, unmarried and has no children.

Plaintiff filed a charge of discrimination with the EEOC on July 24, 2006 and notice of that charge was mailed to the District Superintendent on August 2, 2006. The EEOC issued plaintiff a Notice of Right to Sue on April 17, 2007. Thereafter, plaintiff commenced this action by filing a Summons and Complaint in the Western District of New York on June 15, 2007. According to defendant, plaintiff did not serve a notice of claim on the District at any time. Plaintiff concedes that she never served a notice of claim but argues that she was not required to since she is vindicating a public interest and not a private interest. Alternatively, plaintiff argues that her EEOC complaint is sufficient to satisfy the notice of claim requirement.

## **DISCUSSION**

### **I.   Motion to Dismiss**

Rule 12(b)(1) of the Federal Rules of Civil Procedure provides for dismissal of the Complaint where the Court lacks subject matter jurisdiction over the dispute. Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of the Complaint where the

plaintiff has failed to state a claim upon which relief can be granted. Dismissal of a complaint for failure to state a claim pursuant to Fed. R.Civ. P. 12(b)(6) is proper "where it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." See Harris v. City of New York, 186 F.3d 243, 247 (2d Cir.1999). The test is not whether plaintiff is ultimately likely to prevail, but whether he is entitled to offer evidence to support his claims. See Chance v. Armstrong, 143 F.3d 698, 701 (2d Cir.1998). The court assumes that all factual allegations in the complaint are true, and draws all reasonable inferences in plaintiff's favor. See EEOC v. Staten Island Sav. Bank, 207 F.3d 144 (2d Cir.2000). Further, the Court must deny the motion "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." See Stewart v. Jackson & Nash, 976 F.2d 86, 87 (2d Cir.1992) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

## II. Notice Of Claim Requirements Of Education Law § 3813

Pursuant to § 3813 of the Education Law of the State of New York a notice claim must be filed within ninety days of the alleged act of discrimination:

> No action or special proceeding, for any cause whatever ... or claim against the district or any such school, or involving the rights or interests of any district or any such school shall be prosecuted or maintained against any school district, board of education ...*unless it shall appear by and as an allegation in the complaint or necessary moving papers that a written verified claim upon which such action or special proceeding is founded was*

4

> *presented to the governing body of said district or school within three months after the accrual of such claim,* and that the officer or body having the power to adjust or pay said claim has neglected or refused to make an adjustment or payment thereof for thirty days after such presentment..........

See N.Y. Educ. L. § 3813(1).[2] The New York Court of Appeals has clearly stated that this law means what it says: "The Legislature has spoken unequivocally that no action or proceeding may be prosecuted or maintained against any school district or board of education unless a notice of claim has been 'presented to the governing body,' and this court may not disregard its pronouncement." See Parochial Bus Sys., Inc. v. Board of Educ., 60 N.Y.2d 539 (1983) (citations omitted); see also Rure Assoc., Inc. v. Dinardi Constr. Corp., 917 F.2d 1332 (2d Cir.1990). Moreover, the purpose of this notice of claim requirement is to provide prompt notice of claims so that an investigation may be made before it is too late for the investigation to be effective. See Parochial Bus, 60 N.Y.2d at 547. The essential elements necessary in the notice are the nature of the claim, the time when, the place where, and the manner in which the claim arose. See id.; Matter of Saranac Lake Cent. Sch. Dist. v. New York State Div. of Human Rights, 226 A.D.2d 794, 795 (3d Dept. 1996).

### A.  Vindication of Public Interest Versus Private Rights

The New York Court of Appeals recognizes only one exception to the notice of claim requirement. "The prerequisites of subdivision 1

---

[2] It is well established that the notice of claim requirements of § 3813 is applicable "to employment discrimination claims brought against a school district pursuant to the New York Human Rights Law." See Walter v. Hamburg Cent. Sch. Dist., 2007 WL 1480965, at * 8 (W.D.N.Y. 2007).

of section 3813 apply only to those actions which seek the enforcement of private rights, as opposed to those actions that seek vindication of a public interest." See Bloom v. New York City Board of Educ. Teachers' Retirement System of County of New York, 2003 WL 1740528, at * 13 (S.D.N.Y.2003); see also Union Free Sch. Dist. No. 6 v. New York State Human Rights Appeal Board, 35 N.Y.2d 371 (1974) (holding that actions or proceedings which seek only enforcement of private rights and duties are subject to the notice-of-claim provisions against school district while such provisions are not applicable to actions seeking to vindicate a public interest). Defendant argues that plaintiff did not serve a notice of claim on the defendant at any time. Plaintiff, relying primarily on Union Free Sch. Dist., 35 N.Y.2d at 371 contends that while she did not serve a notice of claim, she was not required to do so since her NYSHRL claims fall within the public interest exception to §3813. However, a review of the Union Free Sch. Dist. decision reveals that it is inapplicable to plaintiff's causes of action pursuant to NYSHRL.

In Union Free Sch. Dist. the Court of Appeals held that the Education Law § 3813(1) notice of claim requirement was not applicable to a sex discrimination complaint which sought to vindicate a public interest. See 35 N.Y.2d at 380. The complaint in that case alleged a discriminatory employment practice that was applicable to a class of similarly situated teachers employed by the school district, and the complaint sought relief for the complainant and others similarly situated. Accordingly, the plaintiff in Union

Free Sch. Dist. was not challenging a single decision or action that was applied solely to her. Instead, she was challenging a provision of a collective bargaining agreement that established a discriminatory policy affecting all pregnant teachers at the school. Thus, in that case, resolving plaintiff's claims would nullify the discriminatory policy and would directly affect the rights of all present and future pregnant teachers.

Here, inasmuch as the complaint alleges discriminatory conduct relating only to plaintiff who appears to seeks monetary damages, this Court concludes that the complaint seeks to enforce a private right and, therefore a notice of claim is required. See Mills v. County of Monroe, 59 N.Y.2d 307, 312 (1983) (Court concluded that notice of claim was applicable to civil rights claim that alleged discriminatory conduct relating only to complainant who sought money damages for her lost wages and damage to her reputation). Moreover, unlike the claims in Union Free Sch. Dist., plaintiff does not allege that the decision to deny her tenure and request her resignation were made pursuant to a discriminatory policy that affects a larger group of similarly situated employees at the school. Therefore, this Court determines that the notice requirement of § 3813(1) applies to plaintiff's § 296 discrimination claims as she does not seek to vindicate a public interest, rather she seeks to vindicate her own private interest and to recover money damages. See Biggers v. Brookhaven-Comsewoque Union Free Sch. Dist., 127 F.Supp.2d 452, 455 (E.D.N.Y. 2001) (applying notice of claim requirement where former

school administrator's claim for gender discrimination under § 296 was not brought to vindicate a public interest but to vindicate her private interest and to recover money damages for her own alleged emotional and financial loss).

## B. Plaintiff Failed To Present A Claim To The "Governing Body" Pursuant to Education Law Section 3813(1)

There is no dispute that plaintiff failed to serve a notice of claim pursuant to the requirements of § 3813. However, plaintiff filed a charge of discrimination with the EEOC on July 24, 2006 and notice of that charge was mailed to the Superintendent on August 2, 2006. Following Parochial Bus, courts have permitted other forms of documents, not denominated as notice of claims, to satisfy the notice requirement "if it provides the necessary information as to the nature of the claim." See Mennella v. Uniondale Union Free Sch. Dist., 287 A.D.2d 636 (2d Dept. 2001) (petition to Commissioner of Education constituted notice of claim); see also Bucalo v. East Hampton Union Free Sch. Dist., 351 F.Supp.2d 33 (E.D.N.Y. 2005); Kushner v. Valenti, 285 F.Supp.2d 314 (E.D.N.Y. 2003) (EEOC complaint may provide notice of claim).

Plaintiff contends that filing her charge of discrimination with the EEOC, which was subsequently mailed to the Superintendent satisfies the notice requirements of § 3813. Plaintiff misconstrues the applicable law. Education Law § 3813(1) requires that the notice of claim must be filed with the District's Board of Education, not with the Superintendent of Schools. See Santiago v. Newburgh Enlarged

City Sch. Dist., 343 F.Supp.2d 193, 196 n. 2 (S.D.N.Y. 2006); see also Spoletta Constr. & Dev. Corp. v. Bd. of Educ. of the Byron-Bergen Cent. Sch. Dist., 221 A.D.2d 927 (4th Dept. 1995); Ricketson v. Cambridge Cent. Sch. Dist., 203 A.D.2d 761, 762 (3d Dept. 1994) (holding plaintiff's argument that § 3813 was satisfied "by corresponding with the yearbook advisor, the principal and the superintendent is unavailing, as none of these people constitute the District's 'governing body'").

Here, even if an EEOC charge could be considered a substitute for a notice of claim, this would not suffice because it was served on the wrong party, which is a fatal defect. See Parochial Bus, 60 N.Y.2d at 568 (Court held that it "always insisted that statutory requirements mandating notification to the proper public body or official must be fulfilled .... that where the 'legislature has said that a particular form of notice, conveyed with particular details to *particular public officers*, shall be a prerequisite to the right to sue[,] [t]he courts are without power to substitute something else'"); see also Turano v. Island Trees Union Free Sch. Dist. No. 26, 434 F.Supp. 1063, 1070 (E.D.N.Y. 1977) (dismissing complaint where there was no allegation that plaintiff presented the Board a written verified claim because "presentation of such a claim is a condition precedent" to maintaining a cause of action).

Alternatively, plaintiff contends that if the court determines that service upon the Superintendent was insufficient, defendant's

9

Board of Education still had actual knowledge of the EEOC charge and defended itself against the allegation contained therein. See Pl. Br. at 9. As stated above, § 3813(1) requires that the notice of claim must be filed with the District's Board of Education and plaintiff's failure to do so is a fatal defect mandating dismissal of the second and third causes of action of her complaint. The Court of Appeals was very clear when it stated that "[t]he statutory prerequisite is not satisfied by presentment to any other individual or body, and moreover, the statute permits no exception regardless of whether the Board had *actual knowledge* of the claim or failed to demonstrate actual prejudice." (emphasis added) See Parochial Bus, 60 N.Y.2d at 548. Indeed, the Court of Appeals has written: "We have held that a statute 'must be read and given effect as it is written by the Legislature, not as the court may think it should or would have been written if the Legislature had envisaged all the problems and complications which might arise.'" See id. at 548-549, quoting Lawrence Constr. Corp. v. State of New York, 293 NY 634, 639. Thus, plaintiff's second and third causes of action are dismissed because she failed to serve the Board of Education with the required notice of her claims.

    **C.    Even Assuming That Plaintiff's Service Of The EEOC Charge To The Superintendent Was Sufficient, Plaintiff's EEOC Charge Was Still Untimely Pursuant to Section 3813.**

Assuming that plaintiff's EEOC filing constituted substantial compliance with the substantive requirements of Education Law § 3813,

the instant proceeding was not timely commenced pursuant to § 3813(1). It is well-established that as a condition precedent to an action against a school district, Education law § 3813 requires that a notice of claim be presented to the governing body of the school district *within 90 days* from the accrual of the claim. See Education Law § 3813(1); Bucalo, 351 F.Supp.2d at 35 (citing Parochial Bus., 60 N.Y.2d at 547-548). A claim accrues for purposes of § 3813 when it matures and damages become ascertainable. See Pope v. Hempstead Union Free Sch. Dist., 194 A.D.2d 654, 655 (2d Dept. 1993) (citing Board of Educ. v. Wagner Constr. Corp., 37 N.Y.2d 283, 290 (1975)).

Plaintiff contends that her cause of action accrued in June 2006, which is when she claims she was forced to resign and as such her EEOC charge, filed in July 2006, was timely filed within 90 days. The Court finds that plaintiff's argument is not supported by the law or the facts of the case. In employment discrimination cases, courts have consistently held that the timeliness of the claim "is measured from the date the claimant receives notice of the allegedly discriminatory decision." See Putkowski v. Warwick Valley Cent. Sch. Dist., 363 F.Supp.2d 649, 655 (S.D.N.Y. 2005) (citing Morse v. Univ. of Vermont, 973 F.2d 122, 125 (2d Cir. 1992). Further, it is well established that if the date a plaintiff learned of the employment action that gave rise to the claim "differs from the date on which the employer's action becomes effective – if, for example, an employee is told on Monday that he is fired effective the end of the

11

week, and his last day of work is the following Friday – his claim accrues on Monday, not on Friday." See Putkowski, 363 F.Supp.2d at 655. As stated by the Supreme Court, "the proper focus is on the time of the *discriminatory act*, not the point at which the *consequences* of the act become painful." See Chardon v. Fernandez, 454 U.S. 6, 8 (1981) (emphasis in original).

In this case, plaintiff submitted a signed resignation letter to the school administrators of the District on March 21, 2006.[3] Pursuant to the letter, the Board of Education voted to accept her resignation. When the Board of Education voted to accept her resignation, plaintiff knew that she would not be working the following year. While plaintiff's resignation did not become effective until June 2006 since she continued to work until the end of the school year, this does not change the date of her resignation or the alleged discriminatory action that gave rise to her claims. Accordingly, under Putkowski and New York case law, plaintiff's July 24, 2006 EEOC charge was not a timely filed notice of claim as required by § 3813 because it was filed with the EEOC approximately 120 days after the accrual of her claim and more than 27 days after plaintiff was required to serve a notice of claim.

In the alternative, plaintiff contends that her claim did not accrue until defendant hired her replacement. However, this argument

---

[3] Plaintiff's letter stated "This is to inform you of my resignation from the LeRoy Central School District effective June 30, 2006." See Neth Aff. at ¶ 2.

is inconsistent with relevant authority. In <u>Jamieson v. Poughkeepsie City Sch. Dist.</u>, 195 F.Supp.2d 457 (S.D.N.Y. 2002), the plaintiff signed a three year employment contract with the school to serve as its superintendent in June of 1997. <u>See</u> <u>id.</u> at 461. In June 1999, with one year remaining in the plaintiff's original contract, the board of education decided not to grant her a renewal or extension. <u>See</u> <u>id.</u> at 464. Thereafter, the plaintiff continued to work for the last year of her contract and was replaced in June 2000. On or about July 7, 2000, plaintiff filed suit alleging that the school district discriminated against her on the basis of race in violation of the Fourteenth Amendment and NYSHRL. <u>See</u> <u>id.</u> at 465.

The defendant school district filed a motion to dismiss plaintiff's NYSHRL claim on the basis that she did not file a timely notice of claim within 90 days of the adverse employment action. <u>See</u> <u>id.</u> at 466. In particular, the defendant argued that plaintiff's claim began to accrue on June 28, 1999, the date the board made its decision not to renew her contract. Plaintiff responded by arguing that her claim did not begin to accrue until June 2000, the date the board selected her replacement. <u>See</u> <u>id.</u> at 467. The District Court granted defendant's motion to dismiss under § 3813 and held that the plaintiff "did not file a verified complaint within three months of the adverse employment action." <u>See</u> <u>id.</u> Specifically, the court determined that the claim accrued on June 29, 1999 because "[p]laintiff's claim is clearly founded on the Board's decision not

13

to renew her contract, not on the Board's decision to hire [her replacement]." See id.; see also Holmes v. Brentwood Union Free Sch. Dist., 2006 WL 1581434 at *9 (E.D.N.Y. 2006) (Court held that NYSHRL claims accrued at time plaintiff was denied promotion); Bader v. Hempstead Union Free Sch. Dist., 194 A.D.2d 654, 655 (2d Dept. 1993).

Similar to the Jamieson plaintiff, the alleged adverse employment action suffered by plaintiff here occurred prior to the date on which she actually stopped working. The alleged discriminatory act underlying plaintiff's claims occurred, at the latest, when the Board of Education accepted her resignation on March 28, 2006. The 90-day limit for filing a notice of claim expired on or about June 28, 2006, approximately one month before plaintiff filed her EEOC charge. Thus, pursuant to § 3813, plaintiff's claim was untimely and her second and third causes of action under the NYSHRL is dismissed.

    **D.    Court Lacks Jurisdiction To Extend Plaintiff's Time To Serve A Notice Of Claim**

Section 3813 imposes a one-year statute of limitations on any cause of action arising against a school district. See N.Y. Educ. L. § 3813(1). In this regard, pursuant to § 3813(2-a), "upon application, the court, in its discretion, may extend the time to serve a notice of claim." However, "[t]he extension shall not exceed the time limited for the commencement of an action by the claimant against any district or any such school." See Donlon v. Board of Educ. of the Greece Cent. Sch. Dist., 2007 WL 108470 at *5 (W.D.N.Y.

2007). This statutory limitation of the Court's power to extend the time to serve notice of claim divests the court of authority to grant an extension beyond the expiration of the statute of limitations for the claim. See id.; Ximines v. George Wingate High Sch., 2006 WL 2086483, at *10 (E.D.N.Y. 2006) (Court denied plaintiff's motion for an extension to file notice of claim because "[n]o application for an extension of time was made ... until the filing of response papers ... more than one year after events took place that gave rise to plaintiff's cause of action"); see also Lenz Hardware, Inc. v. Bd. of Educ., 24 A.D.3d 1278, 1280 (4th Dept. 2005) (Court affirmed denial of plaintiff's motion seeking extension of time to file a notice of claim because plaintiff "did not seek an extension until ... well after expiration" of one-year limitations period under § 3813(2-b), and thus court was without authority to grant motion); Kingsley Arms, Inc. v. Copake-Taconic Hills Cent. Sch. Dist., 9 A.D.3d 696 (3d Dept. 2004).

    Here, no application for an extension of time was made to this Court until the filing of response papers to defendant's Rule 12(b)(6) and Rule 12(b)(1) motions on November 14, 2007, more than a year after the events took place that gave rise to plaintiff's causes of action, and after the one year statute of limitations expired.[4] As

---

[4] Plaintiff relies on Hale v. Webster Central Sch. Dist., 12 A.D.3d 1052 (4th Dept. 2004) to argue that the Court does not lack jurisdiction to extend her time to serve a notice of claim "because plaintiff filed her EEOC charge within the one year statute of limitations." See Pl. Br. at 14. The Hale decision and reasoning however, is inapplicable since unlike Hale, plaintiff's NYSHRL claims do not sound in tort. The claims in Hale were governed by § 3813(2), which provides in pertinent part that "no action ... founded upon tort shall be prosecuted or maintained

15

discussed above, plaintiff's claims accrued at the latest in March 2006 when her resignation was accepted by the defendant's Board of Education and, accordingly, the ninety day time limit to present a notice of claim expired in June 2006 and the one year statute of limitations expired in March 2007. Thus, this Court is without authority to grant plaintiff an extension of time to serve a notice of claim for the alleged discriminatory act that occurred more than a year ago and plaintiff's second and third causes of action are dismissed.[5]

## **CONCLUSION**

For the reasons discussed above, defendant's motion to dismiss plaintiff's second and third causes of action alleging violations of NYSHRL is granted.

**ALL OF THE ABOVE IS SO ORDERED.**

                                                              s/Michael A. Telesca
                                                               MICHAEL A. TELESCA
                                       United States District Judge

Dated:    Rochester, New York
           April 8, 2008

---

against [a school district] ... unless a notice of claim shall have been made and served in compliance with section fifty-e of the general municipal law." Moreover, § 3813(2) provides that [e]very such action shall be commenced pursuant to the provisions of section fifty-i of the general municipal law." Pursuant to § 50-i(1)(c), an action against a school district sounding in tort must "be commenced within one year and ninety days after the happening of the event upon which the claim is based," not within the one year limit mandated by § 3813(1). See Hale, 12 A.D.3d at 1053-54. The Hale plaintiff moved to serve a late notice of claim before the expiration of the one year and ninety day limitations period mandated by §50-i(1)(c) and thus, it was within the court's authority to grant the motion.

[5]Defendant's further argue that an additional reason for dismissal of plaintiff's third cause of action is that the EEOC charge did not assert a claim for marital status discrimination. However, defendant's contention is moot since the Court has already dismissed plaintiff's third cause of action. Accordingly, the Court need not address this additional ground for dismissal.